### BEAN v. LAMBERT et al.

(Circuit Court, D. Minnesota. December 15, 1896.)

#### No. 226.

1. WITNESSES—EXCLUSION OF A WITNESS WHO IS A PARTY—OBJECTION.

An objection to the action of a referee in excluding from the room, during the examination of other witnesses, a witness who is a party to the suit, comes too late after the evidence so taken has been filed, and the cause set down for hearing, without any attempt by the objecting party to have the error corrected.

2. EVIDENCE—BOOKS AS ENTRIES—COMPETENCY.

For the purpose only of corroborating the testimony of a witness as to the dates of certain transactions, his books, though not proved as required by statute for admission as books of account, are competent as entries claimed to have been made when such transactions occurred.

Stringer & Seymour, for complainant.
William G. White, for defendants.

LOCHREN, District Judge. This cause being at issue and ready for hearing at the general term of this court begun and holden in the city of Duluth, Minn., on the 13th day of October, 1896, was by stipulation of the parties set down for hearing and final argument before the judge of said court at chambers, either at St. Paul or Minneapolis, and, pursuant to said stipulation, was thereafter, on the 11th day of December, 1896, brought on for hearing at chambers in the city of Minneapolis in said district. The complainant appeared by Stringer & Seymour, her attorneys; and the defendants Mary A. Lambert, Alfred H. Lambert, and Ezra F. Lambert, by their attorney, William G. White, present and file briefs and arguments in said cause.

These defendants, by their said counsel, urge several objections made by them before the referee to the taking of the evidence in the cause. It appears, from the record filed by the referee, that the counsel for complainant, at the commencement of the taking of the testimony, requested that the witnesses Ezra F. Lambert and A. H. Lambert be examined separately, and not in the presence of each other, and that A. H. Lambert be excluded from the room while the witness Ezra F. Lambert was testifying in the suit, and that the referee directed that this be done and that all the witnesses be examined separately from each other. Counsel for these defendants in his brief urges that this was error on the part of the referee, as the witnesses Ezra F. Lambert and A. H. Lambert were each parties to the cause, and had a right to be present during the taking of the testimony of all the witnesses, and that the rule of practice permitting witnesses to be examined separately from each other would not apply to parties to the cause. It is probable that this was a valid

objection, but the defendants should then have asked for a suspension of the examination of the witnesses, and brought the question before the court, or, if unable so to do, and still desirous of availing themselves of the objection, should have moved the court to suppress the depositions, and have the testimony retaken. It does not appear that the defendants were injured in any way in presenting their defense by the course adopted by the referee; and, after having allowed the evidence to be filed without attempting any correction, and having set the cause down for hearing upon the evidence so taken, and asked the judgment of the court upon it, it is too late to urge an objection of this kind.

Another objection, urged in the brief of counsel for these defendants, relates to the admission of the books of J. C. Norton, the agent of complainant, as to the transactions in dispute. There is nothing in the point that these books were not proven in accordance with the statutes of Minnesota relating to account books, as the books were not introduced for the purpose of proving any items of account. They were simply introduced as entries claimed to have been made at the times when the transactions actually occurred, and only for the purpose of corroborating the testimony of J. C. Norton as to the dates of those transactions, and were competent as entries purporting to have been made on those very dates. The rulings upon the other objections as to the admission of testimony before the referee have been noted by me upon the record of the testimony on file, and need no further mention.

From the admissions in the pleadings, and the evidence on file presented at the hearing, the following facts are found: (1) That the residence and citizenship of the parties to the cause were and are as stated in complainant's bill of complaint in this suit. (2) That on the 19th day of February, 1892, defendants Mary A. Lambert, Alfred H. Lambert, and Ezra F. Lambert applied to the complainant to loan to them the sum of $3,500, for the term of three years, and then and there offered to secure the payment thereof by mortgage upon certain lands situate in Pine county, Minn., owned by the defendant Mary A. Lambert; that the said application was accepted, and the complainant then agreed to make such loan, but, as the defendants desired to obtain that amount of money at once, and some time was necessary to an examination of said land and the curing of some imperfections in said title, it was agreed that complainant should then make said loan, and pass over said amount of money to such defendants, and as a temporary security therefor take the note of the defendant Ezra F. Lambert, secured by collateral; that thereupon the defendant Ezra F. Lambert made, executed, and delivered to the complainant his promissory note, a true copy of which is set forth in the answer of the defendants Lambert in this suit, and turned over and delivered to the said complainant the certificates of stock referred to and described in the same note; that thereupon, on the same day, the said complainant paid over to the said defendant Ezra F. Lambert, for himself and Mary A. Lambert and Alfred H. Lambert, the sum of $3,500, and thereafter the title to said land was examined, perfected, and accepted by the complainant,

and in the month of April, 1892, the defendants Mary A. Lambert and Alfred H. Lambert made and executed the mortgage and notes described in complainant's bill of complaint; that on the 19th day of April, 1892, the defendant Ezra F. Lambert indorsed the same note, and the coupons thereto attached, upon the backs thereof, and guarantied the payment of such note and coupons, waiving demand, protest, and notice thereof, as stated in said bill of complaint, and did also, at the same time, in writing under his hand and seal, assign and transfer said mortgage to the complainant, and did thereupon deliver said note, coupons, and mortgage, and the assignment thereof to said complainant, to carry out the original contract between the parties as to the security for said loan; that the complainant at the same time returned and delivered to said Ezra F. Lambert his (the said Ezra F. Lambert's) promissory note aforesaid, together with the certificates of stock referred to in said note; and that said mortgage and the assignment thereof from Ezra F. Lambert to the said complainant were duly recorded, as stated in said bill of complaint.　　(3) That at the time of the delivery by said Ezra F. Lambert to the complainant of the said note, coupons, and mortgage made by Mary A. Lambert and Alfred H. Lambert, and the transfer of said mortgage to the complainant on the 19th day of April, 1892, said Ezra F. Lambert paid to one J. C. Norton, who was the agent of complainant in the making of said loan, as his fee, commission, and compensation for his services in and about the making of said loan, the sum of $92.11, and the further sum of 75 cents for recording said assignment of mortgage, and the further sum of 3 cents as the cost of a postal note for the transmission of such recording fee,—in all, the sum of $92.89; that no other fee or commission was paid by the said defendants, or either of them, to said complainant's agent, in connection with said transaction; that the said defendants Ezra F. Lambert, Mary A. Lambert, and Alfred H. Lambert did not, nor did either of them, pay or agree to pay to the complainant the sum of $500, or any other sum, for the use of the money loaned as aforesaid, or as interest thereon, or otherwise connected with the said loan, other than the interest as it was reserved in the said note and coupons secured by said mortgage, and the said sum of $92.89 paid to the said J. C. Norton, the agent of said complainant as aforesaid. (4) That no part of the principal sum of said note for $3,500, made by said Mary A. Lambert and Alfred H. Lambert and secured by said mortgage, has ever been paid; that the last of the coupon notes for interest, attached to said principal note, being the one maturing on the 19th day of February, 1895, is still due and entirely unpaid; and that there is now due and owing to said complainant, upon said principal note and the coupon note last mentioned, the sum of $3,622.50, with interest thereon at the rate of 7 per cent. per annum since the 19th day of February, 1895.　　(5) It does not appear that the defendants James A. Owens, G. D. Gilbert, and C. L. Gilbert have any lien upon or interest in any of the real estate covered by said mortgage.

As a conclusion from the foregoing facts it follows that the complainant is entitled to the relief prayed for in her bill of complaint, and a decree may be prepared accordingly.